UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ADRIAN E HOLLEY** | **CASE NO. 6:21-MC-00064** |
| **VERSUS** | **MAGISTRATE JUDGE PATRICK J. HANNA** |
| **GILEAD SCIENCES INC** | |

**O R D E R**

Before the Court is a motion to quash filed on behalf of a non-party, Dr. Angela Mayeux-Hebert ("Dr. Mayeux-Hebert"), to whom a subpoena was issued for deposition testimony by defendant Gilead Sciences, Inc. ("Gilead"). (Rec. Doc. 3). A status conference was held before the undersigned on January 5, 2022, during which the Court heard discussion and argument from the parties regarding the pending motion. (Rec. Doc. 6). This is the second such motion brought by Dr. Mayeux-Hebert, as the Court previously granted a motion to quash a nearly identical subpoena issued to the doctor. (Rec. Doc 1, 2). In light of the puzzling, if not disturbing, repeat of the same problem within less than a month, this Court ordered the status conference to let counsel explain why in the world he would do such a thing in light of the previous order.

Based on the discussion during the teleconference, it was clear that counsel had not provided any records to Dr Mayeux-Hebert or her attorney despite counsel's representations and Dr. Mayeux-Hebert's declaration, that Dr. Mayeux-Hebert did not have any records as she had closed her practice years ago, nor did she have any

recollection of the patient. In short, after having the previous subpoena quashed, counsel for the defendant simply re-issued it because he wanted to "get this deposition done" by showing up, whether live or by Zoom, to present Dr. Mayeux-Hebert with records she may not have seen in years simply to see what he could find out from her once she read them, presumably for the first time, on the record. Counsel did this despite Dr. Mayeux-Hebert's declaration of the hardship and burden the deposition may impose on her and her husband who suffers from a serious medical problem for which Dr. Mayeux-Hebert is the primary caregiver.

Resisting the urge to impose sanctions under Rule 45 at the conference for issuing the second subpoena, the Court ordered counsel for Gilead to provide Dr. Mayeux-Hebert a copy of the patient medical records about which Gilead sought to depose Dr. Mayeux-Hebert on or before January 13, 2022. Thereafter, the doctor's counsel was instructed to file a response, indicating whether Dr. Mayeux-Hebert could offer testimony based on an independent recollection of her treatment of the patient. (Rec. Doc. 7). Counsel for Dr. Mayeux-Hebert filed the requested response on January 18, 2022 with a declaration from Dr. Mayeux-Hebert indicating that, after having reviewed the records, she had no recollection of this patient. (Rec. Doc. 9).

After review of the motion, argument of the parties, and Dr. Mayeux-Hebert's recent filing, it is the finding of this Court that the subpoena issued in this matter is

unlikely to produce relevant testimony from Dr. Mayeux-Hebert. Discovery under Fed. R. Civ. P. 26(b), including deposition testimony as sought here, must observe relevancy parameters. Rule 26(b) requires consideration of "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Dr. Mayeux-Hebert attests that she has no additional, relevant information regarding the patient at issue in this matter beyond the records already in the possession of the defendant as she has no independent recollection of this patient. Accordingly, the proposed deposition is not likely to lead to the discovery of relevant information. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) ("Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.").

Additionally, Dr. Mayeux-Hebert attests that taking part in the proposed deposition would present an undue burden to her because she is retired since 2014 and caring for her husband, who has serious health concerns. (Rec. Doc. 3-1). Under Rule 45, "the court for the district where compliance is required **must enforce** [counsel's duty to take reasonable steps to avoid undue burden or expense on a person subject to the subpoena] and impose an appropriate sanction - which may include . . . reasonable attorney's fees – on a party or attorney who fails to comply".

This is the second time Dr. Mayeux-Hebert has had to retain counsel to respond to a subpoena that was procedurally deficient in multiple respects, which likely could have been avoided had the records been produced to Dr. Mayeux-Hebert after the first procedurally deficient subpoena was quashed. This Court admonishes counsel for the defendant that it will not condone such unprofessional behavior in the future particularly from counsel admitted *pro hac vice.* The Court will further entertain, but does not require, a motion from counsel for Dr. Mayeux-Hebert, for attorney's fees with supporting documentation incurred in opposing the second subpoena.

Considering the foregoing, it is hereby ORDERED that the subpoena issued to Dr. Angela Mayeux-Hebert on behalf of defendant Gilead is QUASHED. Dr. Mayeux-Hebert's pending motion is, accordingly, GRANTED.

SIGNED at Lafayette, Louisiana this 19th day of January, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE